**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**SHAWN P. HOLLEY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:26-cv-00136-TBM-RPM**

**M.D.O.C., et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Shawn P. Holley's failure to comply with Court Orders. When he initiated this lawsuit on May 1, 2026, Plaintiff was an inmate housed at the Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. Plaintiff names M.D.O.C. and Harrison County, Mississippi, as Defendants, [1], p. 1, and he has requested leave to proceed *in forma pauperis*, [2], pp. 1-2. Yet his application for leave to proceed *in forma pauperis* is incomplete.

Thus, on May 7, 2026, the Court ordered Plaintiff as follows:

> [O]n or before June 8, 2026, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

[3], p. 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." [3], p. 1. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [3] by the June 8 deadline.

On June 18, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [3]. [4], p. 1. Plaintiff's responsive

deadline was extended to July 2, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [4], pp. 1-2. The Order to Show Cause [4] and a copy of the May 7 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were returned to the Court as undeliverable in an envelope marked, "released." [6], p. 1. Plaintiff did not comply with the Order to Show Cause [4] by the July 2 deadline.

On July 9, 2026, the Court entered a Second and Final Order to Show Cause [5], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [4] [3]." [5], p. 2. Plaintiff was ordered to file a written response on or before July 23, 2026. [5], p. 2. Plaintiff was also ordered, on or before the July 23 deadline, to comply with the Court's May 7 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." [5], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [5], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [3]." [5], p. 2. The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [4], and a copy of the Court's May 7 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not retuned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [5], and he has not communicated with the Court about his lawsuit since the day he filed his Complaint more than three months ago. This inaction is despite being warned four times that a failure to comply with

the Court's orders or to advise the Court of his current mailing address may lead to the dismissal of his case. *See* [1-2], p. 1; [3], p. 2; [4], p. 2, [5], p. 2. This inaction includes Plaintiff's apparent failure to notify the Court of his current mailing address. The Court has been unable to locate Plaintiff's current mailing address, despite independent research.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [5] [4] [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 14th day of August, 2026.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**